IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| EDDIE MACK KELLY, #273 542, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.:  2:11-CV-540-TFM |
| | ) | [WO] |
| | ) | |
| HOMER WRIGHT, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Plaintiff, an inmate incarcerated at the Draper Correctional Facility in Elmore, Alabama, files this 42 U.S.C. § 1983 action alleging that the conditions of his confinement during his incarceration at the Pike County Jail in Troy, Alabama, violated his constitutional rights.   Variously, the conditions complained of, in very general terms, include lack of medical services, denial of recreation, denial of access to courts, insufficient locker storage, inadequate heating and cooling, unsanitary dining facilities and food preparation, overcrowding, and housing mentally ill inmates with general population inmates.  Plaintiff names as defendants Sheriff Russell Thomas, Jail Administrator Olivia Pearson, Deputy Sheriffs Willie Cope and Dennis Riley, and County Commissioner Homer Wright.  Plaintiff requests damages and an investigation of the jail.

Pursuant to the orders of this court, Defendants filed a written report and supporting evidentiary materials addressing the claims for relief raised in the complaint.  In this report,

Defendants assert this case is due to be dismissed because Plaintiff failed to exhaust an administrative remedy available to him at the county jail as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Specifically, Defendants maintain that, with respect to the claims presented in the instant complaint, Plaintiff failed to exhaust the administrative remedies available to him at the Pike County Jail via the jail's inmate grievance procedure as he failed to file a grievance about any of the allegations made the basis of his complaint. (*Doc. No. 16, Thomas, Pearson, Riley, and Cope Affidavits*.)

Pursuant to the orders entered in this case and governing case law, the court deems it appropriate to treat Defendants' written report as a motion to dismiss. *Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) (citations omitted) ("[A]n exhaustion defense - as in [this] case - is not ordinarily the proper subject for a summary judgment; instead, it 'should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment.' "). The court explained to Plaintiff the proper manner in which to respond to a dispositive motion. (*Doc. No. 17*.) This case is now pending on Defendants motion to dismiss. Upon consideration of motion, the evidentiary materials filed in support thereof, and Plaintiff's response, the court concludes that Defendants' motion to dismiss shall be granted and this case dismissed as Plaintiff failed to exhaust an available administrative remedy.

## II.  DISCUSSION

Plaintiff's complaint asserts a challenge to the conditions of his confinement during his incarceration at the Pike County Jail from October 15, 2009 to September 10, 2010.   In their dispositive motion, Defendants deny Plaintiff's allegations of constitutional violations. Defendants further assert that this case is due to be dismissed because Plaintiff  failed to exhaust the administrative remedy provided by the Pike County Jail prior to filing this complaint as required by directives of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).  (*See Doc. No. 16*.) Federal law directs this court to treat Defendants' response as a motion to dismiss for failure to exhaust an administrative remedy and allows the court to look beyond the pleadings to relevant evidentiary materials in deciding the issue of proper exhaustion.  *Bryant*, 530 F.3d at 1374, 1375 (11th Cir. 2008).

The Prison Litigation Reform Act compels exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general

circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998); *Woodford v. Ngo*, 548 U.S. 81 (2006). Moreover, "he PLRA exhaustion requirement requires proper exhaustion." *Woodford*, 548 U.S. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings.... Construing § 1997e(a) to require proper exhaustion ... fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." *Id*. at 90-91, 93. The Court reasoned that because proper exhaustion of administrative remedies is necessary an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement ... by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]'"" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to him. *Id*. at 83-84; *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA).

The record in this case reflects  that the Pike County Jail provides a grievance procedure for inmate complaints. (*Doc. No. 16, Exhs. B, C, F & Thomas, Pearson, Cope, and Riley Affidavits*.) This administrative remedy is available to all Pike County Jail inmates, including  Plaintiff during his confinement at the jail.  (*Id*.)  Defendants contend that Plaintiff never filed a grievance regarding the matters made the subject of his complaint. (*Id*.)  In opposition to Defendant's dispositive motion, Plaintiff does not deny that he was required to exhaust administrative remedies. Rather, he asserts that he never saw any inmate grievance or request forms nor the jail's inmate handbook containing information about the rules and procedures at the jail including the availability of an administrative grievance remedy at the jail.  (*Doc. No. 22 and Kelly Affidavit*.)

The court is persuaded by Defendants' evidence that the grievance process was available  to inmates incarcerated at the Pike County Jail, including Plaintiff during his incarceration at the jail during the period in question, and that he  failed to avail himself of that process with regard to the allegations made the subject matter of the instant action. Defendants have supported their affirmative defense with proof that upon his admission to the jail in 2009, Plaintiff received information about the availability of, among other things, the jail's grievance process, via his receipt of the facility's handbook regarding its rules and procedures applicable to inmates housed in the jail. Specifically, Plaintiff acknowledged in writing on his inmate admission form that he received a copy of the Pike County Jail rules and regulations and that he understood them. (*See Doc. No. 16, Exhs. A*.)  According to the

rules and regulations governing the jail's inmate grievance process, an inmate may report a grievance on an inmate request form. (*Id., Exhs. F.*) Grievances are given to the jail administrator who will respond to the grievance in writing. (*Id*.) An inmate may appeal the jail administrator's decision within 72 hours of receipt of the grievance decision to the Sheriff. (*Id*.)

Here, Plaintiff provides nothing to refute or explain Defendants' evidence showing he received a copy of the inmate handbook governing the rules and policies at the jail which contained information regarding the inmate grievance policy and procedures or that he was in any way prevented from obtaining access to the jail's grievance process. His conclusory and self-serving allegations, including that he never saw an inmate grievance or request form, that the jail did not have a grievance procedure, and/or that the jail did not provide grievance forms does not make the remedy unavailable under the circumstances of this case. *See, e.g., Boyd v. Corr. Corp. of Am.,* 380 F.3d 989, 999 (6th Cir. 2004) (rejecting inmate's lack of notice claim where grievance policy was set forth in handbook provided to inmates at intake; and where inmate did not allege that he never received handbook or that prison officials denied him access to it.)

This court may properly resolve this factual issue relating to exhaustion, *see Bryant v. Rich,* 530 F.3d 1368, 1374 (11th Cir. 2008), and finds that the facts do not support Plaintiff's argument that Defendants failed to provide an inmate grievance process. As noted, exhaustion of available remedies applies to all prisoners in any facility, it is mandatory, and

may not be waived by the Court. *See Alexander,* 159 F.3d at 1324-26 (exhaustion requirement of 42 U.S.C. § 1997e(a) is mandatory, whether the claim is brought pursuant to § 1983 or *Bivens* ). There is no discretion to waive this requirement or provide continuances of prisoner litigation in the event that a claim has not been exhausted prior to filing. *Alexander,* 159 F.3d at 1325; *see also Porter,* 534 U.S. 516. Furthermore, this court may not consider the adequacy or futility of administrative remedies, but only the availability of such. *Higginbottom v Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000), *citing Alexander,* 159 F.3d at 1323.

In this case, the evidence reflects that Plaintiff did not utilize the administrative remedies available to him at the Pike County Jail with respect to his claims against the named defendants.   The court has carefully reviewed the pleadings, documents, and records filed in this matter and finds that Plaintiff has failed to  make a colorable showing that the Pike County Jail's grievance process was unavailable to him during his incarceration there or that he was otherwise denied access to those administrative procedures while confined at the facility.  As such, Plaintiff has failed to produce any evidence establishing a genuine issue of fact sufficient to defeat Defendants' dispositive motion  based on his failure to exhaust an available administrative remedy which is a precondition to proceeding in this court on his claims. *Woodford*, 548 U.S. at 87-94.

### III.  CONCLUSION

In light of the foregoing, Defendants' motion to dismiss (*Doc. No. 16*) is GRANTED

and this case is DISMISSED with prejudice  in accordance with the provisions of 42 U.S.C.

§ 1997e(a) for Plaintiff's failure to exhaust  administrative remedies  available to him at the

Pike County Jail.

A separate Judgment  follows.

Done, this 15th day of July 2013.


           /s/Terry F. Moorer
           TERRY F. MOORER
           UNITED STATES MAGISTRATE JUDGE